# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2792

_____

United States of America,          *
                                  *

          Appellee,          *
                                  *   Appeal from the United States

v.                     *   District Court for the Western
                                  *   District of Missouri.

Daniel E. Woods,          *

                                  *   [PUBLISHED]

          Appellant.       *

_____

Submitted:  March 9, 2004

Filed:  April 14, 2004

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In our opinion filed February 27, 2004, we affirmed the judgment of the district court that appellant Daniel E. Woods was ineligible as a matter of law for a downward departure under USSG § 5K2.13 based on alleged diminished mental capacity, because he was convicted of bank robbery. We held that the reasoning of United States v. Petersen, 276 F.3d 432 (8th Cir. 2002), controlled this case. Petersen reasoned that a defendant must have committed a "nonviolent offense" to be considered for a downward departure under USSG § 5K2.13, and cited authority holding that the term "nonviolent offense" excludes any offense that is a "crime of

violence" under USSG § 4B1.2. Although the phrase "nonviolent offense" was removed from § 5K2.13 by an amendment that took effect in 1998, we felt bound to follow the reasoning of Petersen.

Woods has petitioned for rehearing, arguing that the panel erred by following Petersen and, alternatively, that the full court should grant rehearing en banc to reconsider Petersen. In response, the government has clarified its position. The government now has abandoned its argument that the reasoning of Petersen renders Woods ineligible for departure under § 5K2.13. Specifically, the government says it "is not contending that the career offender definition of 'crime of violence' contained in U.S.S.G. § 4B1.1 still controls or should control the analysis of whether bank robbery is excluded from consideration for § 5K2.13 departure." (Response to Petition for Rehearing at 4).

Given the government's concession, we conclude that this panel and the district court in this case are not bound to follow the reasoning of Petersen. A party is always free to abandon an argument in litigation. E.g., Warren v. Prejean, 301 F.3d 893, 906 n.4 (8th Cir. 2002). This is particularly true with respect to a United States Attorney, given his unique status as a party whose responsibility is not merely to win a case, but to ensure that justice be done. If a United States Attorney in another case elects in good faith to argue that the categorical "crime of violence" approach governs departures under § 5K2.13, then Petersen remains on the books as available precedent. In this case, however, the United States (commendably in our view) has chosen expressly to abandon that position.

There remains the question whether the judgment of the district court should be affirmed based on the government's clarified position. The current version of § 5K2.13 provides that a district court may not depart below the applicable guideline range if, among other things, "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or

a serious threat of violence."  The government argues that every bank robbery necessarily involves at least a "serious threat of violence," because the government must prove that the defendant committed the robbery "by force and violence, or by intimidation," 18 U.S.C. § 2113(a), and that the district court thus lacks authority to depart under § 5K2.13.  Woods counters that the amended policy statement requires an inquiry by the district court into the "facts and circumstances" of a particular bank robbery to determine whether the defendant's offense "involved actual violence or a serious threat of violence," and that not every bank robbery committed by "intimidation" must involve a "serious threat of violence."  We have not previously considered this question, and we have no controlling authority that governs it.

The district court never considered whether Woods was ineligible as a matter of law for departure under the terms of the amended guideline, because it was persuaded, as were we, to accept the government's contention that Petersen rendered Woods ineligible.  In view of the government's abandonment of the argument on which it relied in the district court and initially before this panel, we conclude that the better course is to remand the case for the district court to consider, in the first instance, whether it has authority to depart under amended § 5K2.13, and, if so, whether departure is warranted.  Cf. United States v. Askari, 159 F.3d 774, 780 (3d Cir. 1998) (en banc).

Our previous order affirming the judgment of the district court is vacated, as are those portions of the previous panel opinion that applied Petersen to affirm the judgment.  In all other respects, including the discussion of this panel's respectful disagreement with the reasoning of Petersen, the previous panel opinion remains unchanged.

The petition for rehearing by the panel is granted, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____